UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FAYSAL KALAYAF MANAHE,<br>YASER AALI,<br>AMMAR ALKINANI, AND<br>QUASIM SAESAH<br><br>Defendants. | **CRIMINAL ACTION**<br><br>**CASE NO. 2:22-CR-13-JAW** |

### DEFENDANTS' JOINT MOTION *IN LIMINE* RELATING TO JURY INSTRUCTIONS

Defendant Faysal Kalayaf Manahe ("Kalayaf") by and through counsel, Norman, Hanson & DeTroy, LLC, and on behalf of all Defendants, moves *in limine* to exclude all evidence, testimony and argument on the following issues:

1. That the Defendants making a proposal, engaging in wishful thinking or pretending to agree to join a contract, combination or conspiracy is evidence sufficient for the jury to find the Defendants guilty. *See Defendants' Proposed Jury Instruction #5* (ECF No. 154) at p. 10 & n.4.

2. That any attempt or solicitation to enter into an agreement to suppress and eliminate competition for the services of PSS workers by agreeing to fix the rates paid to PSS workers and by agreeing not to hire each other's PSS workers that are unsuccessful constitute a violation of the Sherman Act. *See Defendants' Proposed Jury Instruction #5* (ECF No. 154) at p. 14 & n.7.

3. That any attempt by the Defendants to influence public officials or seek an investigation by public officials may be the basis for a finding of guilt. *See Defendants' Proposed Jury Instruction #5* (ECF No. 154) at p. 14-15 & n.8.

The Defendants move to exclude this evidence, testimony and argument on

the grounds that it is not relevant under Fed.R.Evid. 401 and any potential relevance is outweighed by the danger of unfair prejudice under Fed.R.Evid. 403. The Defendants anticipate requesting curative instructions on the proper legal standard if this evidence is introduced for any other purpose.

## Argument

The Defendants have filed this Motion *in Limine* Relating to Jury Instructions out of an abundance of caution and to raise these issue prior to trial. In Defendants' Joint, Proposed Jury Instructions (ECF No. 154), the Defendants seek specific instructions on these issues and the Court's resolution of these issues of law will set the parameters for the introduction of evidence, testimony and any argument at trial in addition to finalizing jury instructions

With respect to the first issue, in *United States v. Andreas*, 216 F.3d 645, 669 (7th Cir. 2000), in addressing the propriety of certain jury instructions, the Seventh Circuit specifically noted that "a defendant who pretended to agree but did not intend to honor the agreement could not be convicted of a crime." *Id.* (*citing United States v. Bestway Disposal Corp.*, 724 F. Supp. 62, 67 (W.D.N.Y. 1988)). Similarly, in *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977) the Second Circuit held that: "When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone." *Id.* (quotations omitted).

In the present case, it is anticipated there will be evidence that the Defendants had discussions about resolving disputes relating to a variety of issues, but never reached agreement. Any statements that Defendants never fully intended to honor or discussions between alleged conspirators that involved no more than "wishful thinking" are not sufficient proof that the Defendants "agreed" in the manner and for the contemplated evil purpose envisioned by the Sherman Act. *United States v. Bestway Disposal Corp.*, 724 F. Supp. 62, 67-68 (W.D.N.Y. 1988); *see United States v. Aiyer*, 470 F. Supp. 3d 383, 414 n.31 (S.D.N.Y. 2020) ("The Court's rulings during trial were consistent with direction from the Supreme Court, which has stated that evidence of the failure of a conspiracy to achieve its ends can be used to demonstrate the lack of a conspiracy or the lack of intent on the part of an alleged conspirator").

With respect to the second issue, the Department of Justice's own primer on anti-trust law notes that a mere attempt or request to enter into an agreement that is unsuccessful does not constitute a violation of the Sherman Act. *An Antitrust Primer for Federal Law Enforcement Personnel*, U.S.D.O.J., Antitrust Division (April 2022). This is a correct formulation of the applicable law, and any contrary evidence, testimony or argument is not relevant, is unfairly prejudicial, and is not admissible under Rule 401 and 403 of the Federal Rules of Evidence.

Finally, in *United Mine Workers v. Pennington*, 381 U.S. 657, 669 (1965), the United States Supreme Court held that an attempt to influence public officials

or seek an investigation by public officials may not be the basis for a finding of guilt under the Sherman Act. Specifically, the Supreme Court noted that:

> Joint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition. Such conduct is not illegal, either standing alone or as part of a broader scheme itself violative of the Sherman Act. The jury should have been so instructed and, given the obviously telling nature of this evidence, we cannot hold this lapse to be mere harmless error.

*Id.*

Accordingly, any contrary evidence, testimony or argument from the Government would not be relevant, would be unfairly prejudicial and is not admissible. Fed.R.Evid. 401 & 403.

WHEREFORE Defendant Faysal Kalayaf Manahe ("Kalayaf") by and through counsel, Norman, Hanson & DeTroy, LLC, and on behalf of all Defendants, moves *in limine* to exclude all evidence, testimony and argument on the following issues:

1. That the Defendants making a proposal, engaging in wishful thinking or pretending to agree to join a contract, combination or conspiracy is evidence sufficient for the jury to find the Defendants guilty.

2. That any attempt or solicitation to enter into an agreement to suppress and eliminate competition for the services of PSS workers by agreeing to fix the rates paid to PSS workers and by agreeing not to hire each other's PSS workers that are unsuccessful constitute a violation of the Sherman Act.

3. That any attempt by the Defendants to influence public officials or seek an investigation by public officials may be the basis for a finding of guilt.

Dated at Portland, Maine this 23rd day of January, 2023

/s/ Thomas S. Marjerison
Thomas S. Marjerison, Esq. ~ Bar No. 7836
Attorney for Faysal Kalayaf Manahe

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
Phone: 207-774-7000
Fax: 207-775-0806
tmarjerison@nhdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I caused the filing of the foregoing *Defendants' Joint Motion in Limine Relating to Jury Instructions*, which sent such notice to the individuals and entities who have entered appearances in this case, pursuant to the Court's ECF system.

/s/ Thomas S. Marjerison
Thomas S. Marjerison, Esq. ~ Bar No. 7836
Attorney for Faysal Kalayaf Manahe

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
Phone: 207-774-7000
Fax: 207-775-0806
MarjerisonService@nhdlaw.com
MKane@nhdlaw.com

5