UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:22-cr-00013-JAW |
| | ) | |
| FAYSAL KALAYAF MANAHE, | ) | |
| YASER AALI, | ) | |
| AMMAR ALKINANI, and | ) | |
| QUASIM SAESAH | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION REGARDING ANCILLARY RESTRAINT DEFENSE**

In anticipation of trial, the United States of America (Government) files a motion in limine for a pretrial order, asking the Court to preclude the Defendants from asserting the so-called ancillary restraint defense to the charge of engaging in a criminal conspiracy in restraint of trade absent an affirmative assertion of proof on the part of the Defendants. The Government requests that the Court hold a pretrial hearing to determine whether the Defendants can establish such prerequisites for an ancillary restraint defense because allowing the Defendants to argue that the alleged conspiracy was an ancillary restraint without a factual predicate would confuse the issues, mislead the jury, and waste judicial resources on irrelevant and time-consuming issues. Although a pretrial hearing is one alternative, the Court concludes that in this case, it is wiser to make this determination in the context of trial and based on the context of the Government's evidence and the Defendants' responsive evidence and argument, an approach which contains some risks for both sides, but

which is more consistent with the Sixth Amendment right to a jury trial than a preemptive pretrial hearing and ruling.

I.  **BACKGROUND**

   A.  **Procedural Background**

On January 27, 2022, a federal grand jury issued a one-count indictment, charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Akinani, and Quasim Saesah with engaging in a criminal conspiracy in restraint of trade in violation of 15 U.S.C. § 1.  *Indictment* (ECF No. 1) (*Indictment*).  Trial is scheduled to commence on March 6, 2023 with jury selection to be followed immediately by trial.  *Trial List* (ECF No. 151).  On January 23, 2023, the Government moved in limine for a pretrial order to exclude the Defendants from presenting evidence of the affirmative defense of ancillary restraint.  *United States' Mot. in Limine to Exclude Argument of an Ancillary Restraint Defense* (ECF No. 156) (*Gov't's Mot.*).  The Defendants filed their response on February 13, 2023.  *Defs.' Jt. Consolidated Opp'n to Gov't's Mots. in Limine* (ECF No. 160) (*Defs.' Opp'n*).

   B.  **The Alleged Conspiracy: An Overview**

The indictment, consisting of nine pages, charges the Defendants and their respective home health agencies with engaging in a conspiracy to violate the Sherman Act, 15 U.S.C. § 1 by suppressing and eliminating competition for the services of Personal Support Specialist (PSS) workers through an agreement to fix the rates paid to PPS workers and through an agreement not to hire each other's workers.  *Indictment* ¶ 1-18.  In addition, the indictment alleges that home health agencies

were eligible to apply for and did receive loans from the Small Business Administration's (SBA) Paycheck Protection Program (PPP). *Id.* ¶ 4. The PPP loans were forgivable so long as the loan recipients expended a certain percentage of the loans directly for payroll within a designated time and the indictment sets forth the managerial or ownership role the Defendants as well as other unnamed and unindicted individuals had in their respective home health agencies and the PPP loans each company (except the company affiliated with Quasim Saesah) received. *Id.* ¶¶ 5-14.

## II.   THE PARTIES' POSITIONS

### A.   The Government's Motion

Referring to the potential affirmative defense of ancillary restraint to a criminal charge of engaging in a conspiracy in a per se restraint of trade, the Government seeks to exclude any reference or argument by the Defendants to an ancillary restraint defense without a proffer by the Defendants that there is a factual basis for it. *Gov't's Mot.* at 1-5. The Government explains that there is a legal distinction between so-called "naked restraints" and "ancillary restraints." *Id.* at 1 It says that "naked restraints" are categorically not "ancillary restraints" and that "[r]estraints normally subject to the per se rule *may* be subject to the rule of reason, but only if the challenged restraint is ancillary to an existing, lawful business agreement." *Id.* at 2. Quoting Ninth Circuit authority, the Government says that for a restraint to be ancillary, it "must be (1) subordinate and collateral to a separate, legitimate transaction and (2) reasonably necessary to achieving that transaction's

pro-competitive purpose." *Id.* (quoting *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102, 1109 (9th Cir. 2022)) (internal punctuation omitted).

The Government represents that the Defendants have not produced in discovery any evidence that would allow them to assert a factual basis for the ancillary restraints defense. *Id.* at 3. The Government specifies that Defendants "have offered no evidence to demonstrate: (a) the existence of a joint venture agreement between defendants' home health care agencies, (b) the pooling of capital amongst the firms; (c) a sharing of opportunities for profit or risks of loss; (d) or any other economic integration amongst defendants' home health care agencies," and "[a]llowing Defendants to argue that their conspiracy was an ancillary restraint without a factual predicate would allow Defendants to circumvent the requirements of the per se rule, confuse the issues, mislead the jury, and waste judicial resources on irrelevant and time-consuming issues." *Id.* at 4-5. The Government urges the Court to hold a Federal Rule of Evidence 104 pre-trial hearing to determine whether the Defendants will be allowed to argue or present an ancillary restraint defense. *Id.* at 3-5.

B.  **The Defendants' Response**

The Defendants respond that some of the factual issues that the Government seeks to preclude are relevant to their defense of the Government's claim that they entered into a conspiracy. *Def.'s Opp'n* at 1-7. Next, the Defendants assert:

> The Defendants have a right to have a jury determine all of the issues in this case. Assuming that the Government proves that a contract, combination or conspiracy to fix wages or not to hire other's employees existed and was joined by the Defendants, the jury must also consider

4

> whether that agreement was ancillary to a separate, legitimate transaction for a pro-competitive purpose. To take this issue away from the jury prior to trial and the consideration of any testimony or evidence would impermissibly deny the Defendants their right to trial by jury guaranteed by the Sixth Amendment to the United States Constitution.

*Id.* at 9.

### III.  DISCUSSION

The Court acknowledges that the ancillary restraint defense is a narrowly drawn legal defense for which there must be a sufficient factual basis. In *Augusta News Company v. Hudson News Co.*, 269 F.3d 41 (1st Cir. 2001), the First Circuit explained that "[a]lmost any agreement that affects or has the potential to affect interstate commerce is potentially within the reach of [§] 1; but the legality of agreements (*e.g.* R&D projects, information sharing, distribution contracts) is tested by the rule of reason." *Id.* at 47. "By contrast, a few agreements are deemed so pernicious that they are condemned '*per se*' and without regard to the power of the parties to accomplish their aims, regardless of justification, and without any need to show an actual or potential adverse effect on consumer welfare." *Id.* (citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940)); *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 4 (1st Cir. 2004) ("[T]he challenged conduct falls within a small set of acts regarded by courts as sufficiently dangerous, and so clearly without redeeming value, that they are condemned out of hand - - that is without a showing or wrongful purpose, power or effect"). The First Circuit described the "classic cases" as "agreements to set prices, fix output or engage in horizontal market division." *Id.* The First Circuit wrote that "[i]t is commonly understood today that *per se* condemnation is limited to 'naked' market division

5

agreements, that is, to those that are not part of a larger pro-competitive joint venture." *Id.* at 48.

Once the per se rule applies, the law allows a rule of reason defense only where the restraint is ancillary to an existing, lawful business agreement. *Aya Healthcare*, 9 F.4th at 1109 (describing the conditions for the ancillary restraint defense's application). In their response, the Defendants insist on their right to trial by jury, but they failed to present any evidence from which this Court could reasonably conclude that their ancillary restraint defense will be based on evidence before the jury. In this context, the worry is that the assertion of the ancillary restraint affirmative defense without sufficient evidentiary grounds may allow the Defendants to introduce a reasonableness defense not otherwise permissible in defense of a per se theory of restraint of trade. *Id.* at 1109 (describing the two requirements for the assertion of the ancillary restraints doctrine); *United States v. Aiyer*, 33 F.4th 97, 115-16 (2d Cir. 2022).

The Government cites a district court case, where the court held a pretrial hearing and required that the defendant make a proffer of evidence to demonstrate that he had a sufficient factual basis to press what is called the "joint venture or single entity defense." *Id.* at 3 (citing *United States v. Nusbaum*, No. 09-cr-0328-JFM, 2009 U.S. Dist. LEXIS 112744 (D. Md. Dec. 4, 2009)). Following the hearing, the district court granted the Government's motion in limine. *Id.* at *1-2. The Court acknowledges that *Nusbaum* offers a reasonable alternative procedure for resolving

6

the Government's motion in limine, which seeks to preclude the Defendants from asserting an ancillary restraints defense.

At the same time, the Court previously wrote:

> To the extent Defendants wish to make a factual showing that their conduct was part of a procompetitive venture and that their alleged agreement was a subordinate, collateral, or reasonably necessary restraint, they will have the opportunity to do so at trial.

*Order on Mots. to Dismiss the Indictment and for Prelim. Hr'g Concerning Conspiracy Evid.* at 14 (ECF No. 112). Consistent with the Court's comment, the Second Circuit recently wrote, "if a defendant seeks to challenge the application of the *per se* rule to his offense conduct by arguing to the jury that such conduct fell within one of the exceptions to the *per se* rule, he would have every right to make those arguments and present evidence on such exceptions at trial." *Aiyer*, 33 F.4th at 120.

Here, the Court is taking a cautious approach, since — as the Defendants have argued — they have a right to a jury trial, including the right to present evidence to the jury. Rather than judicially preempt the issue, the Court has decided not to hold a pretrial evidentiary hearing to put them to an offer of proof and instead will allow them to "present evidence on such exceptions at trial." *Id.* This resolution assumes that the Defendants will actually present or point to evidence on their affirmative defense and that the evidence will be sufficient to allow a jury to find that the affirmative defense has been properly raised. The Court is conscious of the risk the Defendants may present the jury with an argument without evidence and thereby could mislead the jury. In doing so, the Defendants would run their own risk that their argument is contradicted or even countermanded by the Court's instructions.

The Court will not preclude the Defendants, if they wish to do so, from raising the ancillary restraint defense in their opening statements, but at some point, if the Defendants decide to press the affirmative defense, they will be required to formally present the issue to the Court, and the Court will require the Defendants to come forward and inform the Court by offer of proof the evidence they intend to rely upon to generate the defense. At that point, the Court will be obligated to assess based on the offer of proof or evidence already adduced at trial whether the evidence is sufficient to sustain the affirmative defense.

## IV. CONCLUSION

The Court DISMISSES without prejudice United States' Motion in Limine to Exclude Argument of an Ancillary Restraint Defense (ECF No. 156).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2023