**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **FAYSAL KALAYAF MANAHE,** **YASER AALI,** **AMMAR ALKINANI, and** **QUASIM SAESAH** | **No. 2:22-cr-00013-JAW** |
| **Defendants.** | |

**UNITED STATES' OPPOSITION TO**
**DEFENDANT MANAHE'S MOTION TO PRESERVE TESTIMONY FOR TRIAL**

A Rule 15 deposition of defense witness Tammy Usher is not appropriate. Defendant Manahe has not demonstrated that there is a sufficiently compelling reason to preserve the testimony of Ms. Usher through a deposition under Federal Rule of Criminal Procedure 15. Ms. Usher's testimony is likely irrelevant, she is not unavailable, and there are no exceptional circumstances warranting this extraordinary remedy. The Court should deny Defendant Manahe's motion (ECF No. 222).

Under Rule 15(a)(1), a prospective witness may be deposed to preserve their testimony only if "exceptional circumstances" are present. "[E]xceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). A deponent is "unavailable" for purposes of Rule 15(a) if she would be "unavailable" under Federal Rule of Evidence 804(a).[1] *See id.* Rule 804(a) provides that a

---

[1] Applying the Rule 804(a) standard makes sense because deposition testimony generally may be

1

declarant is "unavailable" if:

(1) "exempted from testifying . . . because the court rules that a privilege applies";

(2) "refuses to testify . . . despite a court order to do so";

(3) "testifies to not remembering";

(4) "cannot be present or testifying because of death or a then-existing infirmity, physical illness, or mental illness"; or

(5) "is absent from the trial . . . and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance."

The most frequently approved justifications for Rule 15 depositions are that the deponent has a severe physical infirmity or is located in a foreign jurisdiction such that she cannot be compelled to appear in a court in the United States. *See, e.g.*, *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (finding that witnesses' physical infirmities, which prevented them from leaving their home, qualified as "exceptional circumstances"); *United States v. Bunnell*, 201 F. Supp. 2d 169, 171-72 (D. Me. 2002) (Rule 15 deposition appropriate where witness was suffering from "a degenerative and debilitating brain disorder"); *United States v. McKeeve*, 131 F.3d 1, 7-10 (1st Cir. 1997) (Rule 15 deposition proper for witness who resided in the United Kingdom and refused to travel to the United States). By contrast, mere inconvenience is insufficient under Rule 15. For example, in *United States v. Ismaili*, the Third Circuit found that the fact that certain witnesses, who were Moroccan citizens, might have difficulty obtaining

---

admitted for its truth only through the Rule 804(b)(1) exception to the rule against hearsay, which requires the deponent-witness to be unavailable to testify under Rule 804(a). *See* Fed. R. Crim. P. 15(f) ("A party may use all or part of a deposition as provided by the Federal Rules of Evidence."); *United States v. French*, No. 1:12-cr-160-JAW, 2014 WL 34802, at *8-11 (D. Me. Jan. 6, 2014) (ruling that deposition testimony could not be admitted because the deponent was not "unavailable" under Rule 804(a)).

passports to travel to the United States did not justify deposing them under Rule 15. 828 F.2d 153, 160-61 (3d Cir. 1987).

Ms. Usher is a former provider relations specialist at MaineCare. She was not acting in this position in March and April 2020, the relevant time period of the Indictment, and has no relevant testimony. Her pending vacation does not render her unavailable under Rule 804(a). No privilege applies to her testimony, she has not indicated a refusal to testify if ordered to do so, there is no indication that her memory is degenerating such that she will be unable to remember events next week that she remembers this week, she has no other relevant physical infirmity, and her out-of-state travel does remove her from the Court's subpoena power. By all accounts, if the Court orders Ms. Usher to show up and testify, she will do so. Thus, her vacation is not an "exceptional circumstance" under Rule 15(a).

The likely irrelevance of Ms. Usher's testimony further undercuts Defendant Manahe's case for a deposition. "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Drogoul*, 1 F.3d at 1552. Demonstrating such materiality requires more than "unsubstantiated speculation[] that the evidence exculpates the defendant." *United States v. Kelly*, 36 F.3d 1118, 1125 (D.C. Cir. 1994) (quotation omitted).); *see also United States v. Knox*, 540 F.3d 708, 718 (7th Cir. 2008) (Rule 15 depositions unwarranted where "the materiality of the potential testimony seemed based entirely on conjecture and speculation"). Although the Court has ruled that Brenda Holden's testimony is relevant to the issue of Mustafa Kadhim's credibility, Defendants have offered only vague and speculative assurances that Ms. Usher will in some way buttress Ms. Holden's testimony. Such conjecture is inadequate for purposes of Rule 15; Ms. Usher will either support Ms. Holden, in which case her testimony is cumulative, or she will

contradict Ms. Holden, in which case her testimony is not exculpatory.[2]  Either way, Ms. Usher's testimony is not material, and justice does not require that Defendants be able to put it before the jury.

Ms. Usher's pending vacation is not an exceptional circumstance and Defendants' assertions that she is a material witness are entirely speculative.  There is no basis for allowing the extraordinary remedy of allowing a Rule 15 deposition to preserve her testimony, nor for presenting such deposition testimony in lieu of live testimony.[3]  Accordingly, the Court should deny Defendant Manahe's motion (ECF No. 222).


DATED:  March 14, 2023                          Respectfully Submitted,

                                                /s/ *Jena L. Tiernan*
                                                JENA L. TIERNAN
                                                Trial Attorney, New York Office
                                                Antitrust Division
                                                U.S. Department of Justice
                                                26 Federal Plaza, Suite 3600

---

[2] This reasoning, of course, assumes that Ms. Holden's testimony will be favorable to the Defendants, which is unlikely.  Defendants have apparently never asked Ms. Holden whether she stands by the opinions she expressed in her April 8, 2020 email to Mr. Kadhim (DX 71), and the existing evidence indicates that she will not.  First, Ms. Holden told Defendant Alkinani that "PSS workers have a choice as to whom they want to work for. . . .  Member's [sic] have a choice to whom they want services from, also. . . .  **There is nothing in MaineCare policy to prevent [providers from trying to take other providers' workers]**."  (DX 4 (emphasis added).)  Those statements to Defendant Alkanani are consistent with the testimony of her supervisor, William Logan, that no MaineCare regulations precluded direct solicitation of another agency's PSS workers, (Tr. Vol. III at 528-30), and are not exculpatory.  Thus, the case for the materiality of Ms. Usher's testimony—since Ms. Usher was not in her position at the time of the events in question and has no percipient knowledge of the underlying issue—is even more attenuated than Ms. Holden's testimony, which is itself unlikely to be relevant, material, or exculpatory.

[3] The Government has no objection to Ms. Usher testifying via a video link, so long as her testimony is live.

New York, NY 10278
(212) 335-8000
jena.tiernan@usdoj.gov

PHILIP D. ANDRIOLE
Trial Attorney, New York Office
Antitrust Division
U.S. Department of Justice

NOLAN J. MAYTHER
Trial Attorney, San Francisco Office
Antitrust Division
U.S. Department of Justice